**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
(Greenbelt Division)

| | |
|---|---|
| In re:<br><br>**KEMPES JEAN and**<br>**LORI LEE JEAN**<br><br>       **Debtors.** | **Case No.  20-10883-LSS**<br>**Chapter 7** |
| **JOHN P. FITZGERALD, III**<br>**ACTING UNITED STATES TRUSTEE**<br>**for REGION 4,**<br>**6305 Ivy Lane, Suite 600**<br>**Greenbelt, Maryland 20770**<br><br>       **Plaintiff,**<br><br>       **v.**<br><br>**KEMPES JEAN and**<br>**LORI LEE JEAN**<br>**19300 Erin Tree Court**<br>**Gaithersburg, Maryland 20879**<br><br>       **Defendants.** | **Adversary No.:** |

## COMPLAINT TO REVOKE DISCHARGE

John P. Fitzgerald, III, Acting United States Trustee for Region Four ("United States Trustee"), pursuant to Rules 4004 and 7001(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and 11 U.S.C. § 727 (the "Bankruptcy Code"), files this Complaint to Revoke Discharge of Debtors, Kempes Jean and Lori Lee Jean.  In support of this Complaint, the United States Trustee states as follows:

**<u>Jurisdiction, Venue, and Standing</u>**

1.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157(a) and 1334.  This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3.      The United States Trustee has standing to bring this action pursuant to sections 307 and 727(d) of the Bankruptcy Code and Bankruptcy Rule 4004.

4.      Pursuant to Local Bankr. Rule 7012-1(b), the United States Trustee consents to entry of a final order or judgment by this Court.

**<u>Parties</u>**

5.      The Plaintiff is the Acting United States Trustee for Region Four.

6.      Kempes Jean and Lori Lee Jean (the "Debtors") are the debtors in the above-captioned chapter 7 bankruptcy proceeding and are the Defendants in this adversary proceeding.

**<u>Facts</u>**

**I.      The Bankruptcy Case**

7.      The Debtors commenced their bankruptcy case by filing a voluntary petition under chapter 7 of the Bankruptcy Code on January 22, 2020 (the "Petition Date").  Dkt. No. 1.

8.      Gary A. Rosen was appointed to serve as the Chapter 7 Trustee ("Chapter 7 Trustee").  Dkt. No. 6.

9.      On February 5, 2020, the Debtors filed Schedules A-J ("Original Schedules") and their Statement of Financial Affairs ("SOFA").  Dkt. Nos. 14 and 15.

10.     On February 13, 2020, the Debtors filed amendments to Schedule A/B (Property), Schedule C (Property You Claim Exempt), and Schedule D (Creditors Who Have Claims Secured by Property) ("First Amended Schedules").  Dkt. No. 20.

11.     The Chapter 7 Trustee conducted a first meeting of creditors pursuant to section 341 of the Bankruptcy Code on February 21, 2020.  Dkt. No. 25.  When questioned by the Chapter 7 Trustee, the Debtors testified under penalty of perjury that the Original Schedules as revised by the First Amended Schedules and SOFA were true and correct.

12.     On March 18, 2020, the Debtors filed an amendment to Schedule E/F (Creditors Who Have Unsecured Claims) ("Second Amended Schedules").  Dkt. No. 35.

13.     The Debtors were granted a discharge on July 14, 2020.  Dkt. No. 53.

14.     On February 7, 2021, the Debtors filed amended Schedules A/B (Property), Schedule C (Property You Claim Exempt), Schedules E/F (Creditors Who have Unsecured Claims), Schedule G (Executory Contract and Unexpired Leases), Schedule H (Codebtors), Schedule I (Income) and Schedule J (Expenses) ("Third Amended Schedules").  Dkt. No. 116.  In addition, the Debtors amended the SOFA ("Amended SOFA").  Dkt. No. 117.

15.     The Original Schedules, First Amended Schedules, Second Amended Schedules, and Third Amended Schedules contain a "Declaration Under Penalty of Perjury by Individual Debtor" that the Debtors signed beneath the statement: "Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct." *See* Dkt. Nos. 14, 20, 35, and 116.

16.     The Debtors signed the SOFA and Amended SOFA beneath the statement: "I have read the answers on this Statement of Financial Affairs and any attachments, and I declare under penalty of perjury that the answers are true and correct."  *See* Dkt. Nos. 15 and 117.

## II.     Chapter 7 Trustee's Investigation

17.     After the February 21, 2020 meeting of creditors, the Chapter 7 Trustee, on March 5, 2020, filed a notice advising creditors of his belief that "this case contains assets administerable

- 3 -

for the benefit of the creditors of the estate, and should therefore be designated an asset case." Dkt. No. 29.

18.     On July 24, 2020, the Chapter 7 Trustee filed a Motion for Rule 2004 Examination of Lori Lee Jean seeking information regarding an undisclosed surrogacy agreement.  Dkt. No. 57.

19.     On July 30, 2020, the Chapter 7 Trustee filed a Motion for Rule 2004 Examination of Kempes Jean seeking information regarding an undisclosed interest in a limited liability company established in the District of Columbia named 4511 Dix Street, LLC.  The 4511 Dix Street, LLC owned, at that time, real property located at 4511 Dix Street, N.E., Washington, D.C. 20019 ("Dix Street Property").  Dkt. No. 58.

20.     The Court granted the motions for 2004 examination on August 11, 2020 and August 18, 2020, respectively.  Dkt. Nos. 60 and 63.

21.     On September 8, 2020, the Chapter 7 Trustee filed a Motion to Compel Attendance at 2004 Examination ("Motion to Compel").  Dkt. No. 65.  The Debtors did not oppose the Motion to Compel and the Court granted the motion on September 29, 2020.  Dkt. No. 66.

22.     On October 21, 2020, the Chapter 7 Trustee filed a Motion for Apprehension and Removal of the Debtors to Compel Attendance for Examination Pursuant to Rule 2005 ("Motion for Apprehension"), which asked the Court to direct a U.S. Marshal, or some other officer authorized by law, to apprehend the Debtors and bring them before the Court for examination. Dkt. No. 68.

23.     On October 22, 2020, the Court issued an Order to Show Cause that directed the Debtors to show cause within seven days why the relief requested by the Chapter 7 Trustee in the Motion for Apprehension should not be granted.  Dkt. No. 69.

24.     On October 29, 2020, the Debtors filed their Response to Show Cause Order in which their counsel asserted that she "ha[d] been in communication with the Chapter 7 Trustee regarding an agreed upon date and time for the examination of the Debtors." Dkt. No. 72.

25.     On December 29, 2020, the Court entered the Order Denying Motion to Convert and Directing Debtors to Appear for 2004 Examination on Dates Selected by the Trustee ("Order to Appear") requiring that the Debtors appear for examinations in January 2021. Dkt. No. 100. The Order to Appear was subsequently modified to allow the examinations to occur during the period commencing February 22, 2021 and concluding not later than March 26, 2021. Dkt. No. 108.

26.     On March 16, 2021 and April 13, 2021, Mr. Jean appeared for his 2004 examination. Mr. Jean's examination has been continued to a future date to complete.

27.     On March 17, 2021, Mrs. Jean appeared for her 2004 examination.

### III.     Motion to Convert Case from Chapter 7 to Chapter 13

28.     On November 5, 2020, the Debtors filed a Motion to Convert Chapter 7 Case to Chapter 13 ("Motion to Convert"). Dkt. No. 74.

29.     The Chapter 7 Trustee opposed the Motion to Convert stating that the Debtors' forfeited their ability to convert to chapter 13 as a result of their bad faith conduct. Dkt. No. 80.

30.     The Court held a hearing on the Motion to Convert and opposition on December 15, 2020.

31.     On December 22, 2020, the Court issued its oral ruling denying the Motion to Convert by finding that the Debtors acted in bad faith through their lack of disclosure and candor. The Court found the Debtors' actions to be elusive and evasive and their refusal to submit to the 2004 examinations reprehensible.

IV.    **False Oaths and Material Omissions**

32.    Questions 16 and 18 on Schedule A/B (Property) asks "Do you own or have any legal or equitable interest in any of the following: cash . . . bonds, mutual funds or publicly traded stocks?"  The Debtors answered "No" on the Original Schedules, First Amended Schedules, and Third Amended Schedules.

33.    Question 17 on Schedule A/B (Property) asks "Do you own or have any legal or equitable interest in any of the following: deposits of money?"  The Debtors answered "Yes" and identified Checking Account: PNC Bank for $1,000.00 and Checking Account:  Bank of America for $500.00 on the Original Schedules, First Amended Schedules, and Third Amended Schedules.

34.    Question 19 on Schedule A/B (Property) asks "Do you own or have any legal or equitable interest in any of the following: Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture?"  The Debtors answered "No" on both the Original Schedules and First Amended Schedules. Dkt. Nos. 14 and 20.

35.    Question 37 on Schedule A/B (Property) asks "Do you own or have any legal or equitable interest in any business-related property?"  The Debtors answered "No" on both their Original Schedules and First Amended Schedule A/B. Dkt. Nos.14 and 20.

36.    Question 27 on the SOFA asks: "Within 4 years before you filed for bankruptcy did you own a business or have any of the following connections to a business?"  The Debtors checked only the box corresponding to "A sole proprietor or self-employed in a trade, profession or other activity" and disclosed Mr. Jean's interest in International Construction Consultants.  Dkt. No. 5.

37.    The Debtors did not check the box on Question 27 of the SOFA corresponding to "[a] member of a limited liability company (LLC) or a limited liability partnership (LLP)," Dkt. No. 15.

38.    Thirteen months after the Petition Date and only because the Chapter 7 Trustee's investigation discovered undisclosed assets, the Debtors filed the Third Amended Schedules and Amended SOFA on February 7, 2021, wherein they disclosed:

- Third Amended Schedule A/B: Question 19: Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture

  **4511 Dix St. LLC—Business not in good standing, 75% ownership $5,000.00**

- Third Amended Schedule G: Do you have any executory contracts or unexpired leases?

  | | |
  |---|---|
  | **Tara Adams and Robert Adams c/o Melissa B. Brisman, Esq. 1 Paragon Dr. #158 Montvale, NJ 07645** | **Contract for surrogacy/gestational carrier dated 7/2019** |

- Amended SOFA: Question 27: Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

| | | |
|---|---|---|
| International Construction Consultant 22 Cinnabar Ct Gathersburg, MD 20879 | House Renovations Kempes Jean | |
| **4511 Dix St LLC 1100 H Street, N.W. Suite 840 Washington, DC 20005** | **Property investment—fix and flip. Business is not in good standing** | **EIN: 84-2717929 From: 8/2019-Present** |

| 5900 Croom Station LLC 19300 Erin Tree Ct Gaitherburg, MD 20879 | Property investment—fix and flip. Business is not in good standing | From 8/2017-Present |
|---|---|---|

A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

Dkt. Nos. 116 and 117.

39.     In addition, Question 16 of the SOFA asks: "Within 1 year before you filed bankruptcy, did you . . . pay or transfer property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?"  The Debtors disclosed that they paid Kurland Law Group $1,300.00 in the SOFA and then revised the amount to $3,375.00 in the Amended SOFA.

## ELEMENTS COMMON TO ALL COUNTS

40.     Section 727(e)(1) of the Bankruptcy Code states that "the United States Trustee may request a revocation of a discharge under subsection (d)(1) of this section within one year after such discharge is granted."

41.     The Debtors were granted a discharge on July 14, 2020, less than one year before the filing of this Complaint.

42.     Section 727(d)(1) of the Bankruptcy Code provides that, on request of the United States Trustee, and after notice and a hearing, the Court "shall" revoke a discharge if "such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge."

43.     In their actions, filings, and sworn testimony, the Debtors have concealed property of the estate and have engaged in false statements and material omissions with the intent to defraud their creditors in violation of 11 U.S.C. §§ 727(a)(2) and 727(a)(4).

44.     The United States Trustee was not aware of the conduct warranting revocation of the Debtors' discharge until after the discharge had been granted.

**COUNT I**
**Revocation of Discharge - 11 U.S.C. §§ 727(d)(1); 727(a)(2)**
**Concealment of Assets with Intent to Hinder, Delay or Defraud Creditors**
**(4112 Landgreen St, LLC)**

45.     The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

46.     For purposes of Section 727(d)(1), "proof of conduct by a debtor in violation of Section 727(a)(2) . . . of the Bankruptcy Code is sufficient to establish that the discharge was obtained by fraud." *In re Faruque*, Case No. 07-13375-SSM, 2009 WL 2211210 at *4 (Bankr. E.D. Va., July 20, 2009).

47.     Section 727(a)(2) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she, "with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has . . . concealed . . . (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition." 11 U.S.C. § 727(a)(2).

48.     The Debtors fraudulently concealed Mr. Jean's interest in 4112 Landgreen St, LLC.

49.     The Debtors asserted under oath and subject to the penalties of perjury in the Original Schedules, First Amended Schedules, and the meeting of creditors, that Mr. Jean's only membership interest was in International Construction Consultants.

50.     In the Debtors' Third Amended Schedules, they disclose the membership interests in 4511 Dix St LLC and 5900 Croom Station LLC.

51.     Mr. Jean testified under oath and subject to the penalties of perjury on two separate occasions during his 2004 examination that all his membership interests were disclosed on the Schedules as amended and that there were no other business interests that they failed to disclose.

52.     In contrast, Maryland State Department of Assessment and Taxation ("SDAT") indicates that Mr. Jean is the resident agent for any entity called 4112 Landgreen Street, LLC.

53.     The SDAT records further indicate that 4112 Landgreen St, LLC was formed pre-petition on December 3, 2019 by Mr. Jean.

54.     The corporate addresses in SDAT records for 4112 Landgreen St, LLC and for its resident agent are the same: 9200 Corporate Blvd., Suite 320, Rockville, Maryland 20850, which is the address for the Rockville branch office of American Financial Network where Mr. Jean is employed as the branch manager.

55.     Upon information and belief, 4112 Landgreen St, LLC acquired the property at 4112 Landgreen Street via a Substitute Trustee's Deed dated January 14, 2020 (pre-petition) which was recorded February 24, 2020 (post-petition).

56.     The Substitute Trustee's Deed recites that 4112 Landgreen Street was the subject of foreclosure proceedings in Montgomery County Circuit Court (Case No. 459499V). In the foreclosure proceedings, the property was sold at a public sale on September 13, 2019 to Flatdog Properties, LLC. Flatdog Properties, LLC was unable to close on the purchase and instead, 4112 Landgreen St, LLC was substituted as the purchaser of the property by the Circuit Court order dated December 26, 2019 and entered December 30, 2019.

57.     The property at 4112 Landgreen Street was conveyed to its current occupants by 4112 Landgreen St, LLC via a deed recorded on July 22, 2020. The deed was executed by Mr. Jean in his capacity as the "sole member" of 4112 Landgreen St, LLC.

58.     Around the same time that deed was recorded, Mr. Jean's Bank of America (account no. xxxx3087) received a wire transfer into the account on July 15, 2020, for $49,798.00 with the description "Seller Proceeds 4112 Landgreen Street Rockville, MD 20853."

59.    Mr. Jean's membership interest in 4112 Landgreen St, LLC and the proceeds from the sale of the 4112 Landgreen Street property have never been disclosed in this bankruptcy case.

60.    The Debtors, with the intent to hinder, delay and defraud their creditors, concealed, Mr. Jean's membership interest in 4112 Landgreen St, LLC and the proceeds from the sale.

61.    The actions taken by the Debtors to conceal Mr. Jean's membership interest in 4112 Landgreen St, LLC constitutes a concealment of "property of the debtor, within one year before the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

62.    Because the Debtors continue to conceal Mr. Jean's membership interest in 4112 Landgreen St, LLC during the pendency of the case, the Debtors have concealed "property of the estate, after the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

## COUNT II
### Revocation of Discharge - 11 U.S.C. §§ 727(d)(1); 727(a)(2)
### <u>Concealment of Assets with Intent to Hinder, Delay or Defraud Creditors</u>
### (Investment Account)

63.    The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

64.    For purposes of Section 727(d)(1), "proof of conduct by a debtor in violation of Section 727(a)(2) . . . of the Bankruptcy Code is sufficient to establish that the discharge was obtained by fraud." *In re Faruque*, Case No. 07-13375-SSM, 2009 WL 2211210 at *4 (Bankr. E.D. Va., July 20, 2009).

65.    Section 727(a)(2) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she, "with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has . . . concealed . . . (A) property of the

debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition."  11 U.S.C. § 727(a)(2).

66.     The Debtors fraudulently concealed Mr. Jean's interest in an investment account with Acorns Securities, LLC.

67.     The Debtors asserted under oath and subject to the penalties of perjury in the Original Schedules, First Amended Schedules, and Third Amended Schedules that they did not own any legal or equitable interest in publicly traded stocks.

68.     Upon information and belief, Mr. Jean has an investment account with Acorns Securities, LLC ("Acorns"), which is described as a micro-investing vehicle that connects to a debit or credit card to "round up" all purchases to the next dollar.  When the "round-ups" accumulate to $5.00, Acorns withdraws the money and invests the money into a personalized portfolio.

69.     Upon information and belief, transfers from Mr. Jean's Bank of America account to Acorns occurred on January 21, 2020, the day before the Petition Date, and have continued to occur throughout the pendency of the case.

70.     The Acorns investment account has never been disclosed on the Schedules.

71.     The Debtors, with the intent to hinder, delay and defraud their creditors, concealed the investment account.

72.     The actions taken by the Debtors to conceal the investment account constitutes a concealment of "property of the debtor, within one year before the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

73.     Because the Debtors continue to conceal the investment account during the pendency of the case, the Debtors have concealed "property of the estate, after the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

**COUNT III**
**Revocation of Discharge - 11 U.S.C. §§ 727(d)(1); 727(a)(2)**
**Concealment of Assets with Intent to Hinder, Delay or Defraud Creditors**
**(4511 Dix Street, LLC)**

74.     The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

75.     For purposes of Section 727(d)(1), "proof of conduct by a debtor in violation of Section 727(a)(2) . . . of the Bankruptcy Code is sufficient to establish that the discharge was obtained by fraud."  *In re Faruque*, Case No. 07-13375-SSM, 2009 WL 2211210 at *4 (Bankr. E.D. Va., July 20, 2009).

76.     Section 727(a)(2) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she, "with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has . . . concealed . . . (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition."  11 U.S.C. § 727(a)(2).

77.     The Debtors fraudulently concealed Mr. Jean's interest in 4511 Dix St, LLC.

78.     The Debtors did not disclose on the Original Schedules, First Amended Schedules, or during the meeting of creditors that Mr. Jean held a 75% ownership interest in, and was the Managing Member of, 4511 Dix St, LLC, a District of Columbia limited liability company.

79.     The Debtors also did not disclose that, on the Petition Date, 4511 Dix St, LLC owned a parcel of improved real property at 4511 Dix Street, NE, Washington, DC 20019.

80.     The Operating Agreement of 4511 Dix St, LLC provides that Mr. Jean was to obtain a $205,000 mortgage loan and a $57,000 construction loan on behalf of the company in connection with the purchase and renovation of the Dix Street property.  The Operating Agreement further provides that Mr. Jean, individually, "shall be the co-borrower, co-signer and/or guarantor of the mortgage loan, construction loan and any other loan obtained on behalf of the Company, and shall pay all Carrying Costs."

81.     The Debtors have not disclosed on their Schedules any creditors of Mr. Jean arising out of the aforementioned mortgage loan and construction loan. Further, to the extent that those creditors were paid in full within one year of the filing of the Voluntary Petition herein, the SOFA fails to disclose those payments.

82.     Upon information and belief, 4511 Dix St, LLC sold the Dix Street Property on August 7, 2020, for a sale price of $410,000 and received a net payment of $107,703.90.  Mr. Jean executed the settlement statement on behalf of 4511 Dix St, LLC.

83.     Upon information and belief, upon the sale of the Dix Street Property, and in accordance with the terms of the Operating Agreement of 4511 Dix St, LLC, Mr. Jean was to receive a cash distribution from the company consisting of a return of his $5,000 capital contribution plus 75% of the net profits realized from the sale of the property.

84.     Upon information and belief, Mr. Jean received a cash distribution from 4511 Dix St, LLC of at least $6,379.90.  Mr. Jean has not turned over the foregoing proceeds to the Trustee and it is unclear whether Mr. Jean received, or is entitled to receive, additional proceeds from the company in connection with the sale of the subject real property.

85.     Only after the Chapter 7 Trustee's investigation of undisclosed assets, did the Debtors, on February 7, 2021, file the Third Amended Schedules amending Schedule A/B to disclose Mr. Jean's 75% interest in 4511 Dix St, LLC.

86.     The Debtors, with the intent to hinder, delay and defraud their creditors, concealed Mr. Jean's membership interest in 4511 Dix St, LLC.

87.     The actions taken by the Debtors to conceal Mr. Jean's membership interest in 4511 Dix St, LLC constitute a concealment of "property of the debtor, within one year before the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

88.     To the extent the Debtors continued to conceal Mr. Jean's membership interest in 4511 Dix St, LLC during the pendency of the case, the Debtors concealed "property of the estate, after the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

**COUNT IV**
**Revocation of Discharge - 11 U.S.C. §§ 727(d)(1); 727(a)(2)**
**Concealment of Assets with Intent to Hinder, Delay or Defraud Creditors**
**(5900 Croom Station, LLC)**

89.     The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

90.     For purposes of Section 727(d)(1), "proof of conduct by a debtor in violation of Section 727(a)(2) . . . of the Bankruptcy Code is sufficient to establish that the discharge was obtained by fraud." *In re Faruque*, Case No. 07-13375-SSM, 2009 WL 2211210 at *4 (Bankr. E.D. Va., July 20, 2009).

91.     Section 727(a)(2) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she, "with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has . . . concealed . . . (A) property of the

debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition."  11 U.S.C. § 727(a)(2).

92.    The Debtors fraudulently concealed Mr. Jean's interest in 5900 Croom Station, LLC.

93.    The Debtors also did not disclose on the Original Schedules or First Amended Schedules that Mr. Jean holds a 100% interest in 5900 Croom Station LLC, a Maryland limited liability company which formerly owned a parcel of improved real property at 5900 Croom Station Road, Upper Marlboro, MD 20772 ("Croom Station Property").

94.    Investigation by the Chapter 7 Trustee revealed that the Debtors jointly purchased the Croom Station Property from Donna Miner, by a deed dated December 30, 2015 and recorded on February 16, 2016.  The Debtors then conveyed the Croom Station Property to 5900 Croom Station LLC for no consideration by deed dated July 27, 2017.

95.    Upon information and belief, the Croom Station Property was foreclosed upon in late 2019 or early 2020. The current status of 5900 Croom Station LLC, and the identity of any assets it may continue to hold, is not presently known.

96.    Only after the Chapter 7 Trustee's investigation of undisclosed assets, did the Debtors, on February 7, 2021, file the Third Amended Schedules amending Schedule A/B to disclose Mr. Jean's interest in 5900 Croom Station LLC.

97.    The Debtors, with the intent to hinder, delay and defraud their creditors, concealed, Mr. Jean's membership interest in 5900 Croom Station LLC.

98.    The actions taken by the Debtors to conceal Mr. Jean's membership interest in 5900 Croom Station LLC constitute a concealment of "property of the debtor, within one year before the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

- 16 -

99.     To the extent the Debtors continued to conceal Mr. Jean's membership interest in 5900 Croom Station LLC during the pendency of the case, the Debtors concealed "property of the estate, after the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

### COUNT V
### Revocation of Discharge - 11 U.S.C. §§ 727(d)(1); 727(a)(2)
### Concealment of Assets with Intent to Hinder, Delay or Defraud Creditors
### (Surrogacy Agreement)

100.    The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

101.    For purposes of Section 727(d)(1), "proof of conduct by a debtor in violation of Section 727(a)(2) . . . of the Bankruptcy Code is sufficient to establish that the discharge was obtained by fraud." *In re Faruque*, Case No. 07-13375-SSM, 2009 WL 2211210 at *4 (Bankr. E.D. Va., July 20, 2009).

102.    Section 727(a)(2) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she, "with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has . . . concealed . . . (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition." 11 U.S.C. § 727(a)(2).

103.    The Debtors fraudulently concealed the Surrogacy Agreement.

104.    Question 1 on Debtors' Original Schedule G (Executory Contracts and Unexpired Leases) asks "Do you have any executory contracts or unexpired leases?" The Debtors answered "No." Dkt. No. 14.

105.    Neither on the Original Schedules nor during the meeting of creditors did the Debtors disclose that on or about July 23, 2019, the Debtors executed a Surrogacy Agreement with

a New Jersey couple in which Mrs. Jean agreed to bear and deliver a child for the couple in exchange for a minimum payment of $35,000, plus other specified allowances.

106.    Only after the Chapter 7 Trustee's investigation of undisclosed assets, did the Debtors, on February 7, 2021, file the Third Amended Schedules amending Schedule G to disclose Mrs. Jean's Surrogacy Agreement.

107.    Mrs. Jean testified during her 2004 examination that she became pregnant with the genetic child of the surrogacy couple in 2019 and delivered the child in early summer of 2020. Mrs. Jean has not turned over to the Chapter 7 Trustee any of the proceeds she received from the Surrogacy Agreement.

108.    The Debtors, with the intent to hinder, delay and defraud their creditors, concealed their interest in the Surrogacy Agreement and the proceed thereof.

109.    The actions taken by the Debtors to conceal their interest in the Surrogacy Agreement and the proceed thereof constitute a concealment of "property of the debtor, within one year before the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

110.    To the extent the Debtors continued to conceal their interest in the Surrogacy Agreement and the proceeds thereof during the pendency of the case, the Debtors concealed "property of the estate, after the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

### COUNT VI
### Revocation of Discharge - 11 U.S.C. §§ 727(d)(1); 727(a)(2)
### Concealment of Assets with Intent to Hinder, Delay or Defraud Creditors
### (Cash on Hand and Money Deposits)

111.    The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

112.    For purposes of Section 727(d)(1), "proof of conduct by a debtor in violation of Section 727(a)(2) . . . of the Bankruptcy Code is sufficient to establish that the discharge was obtained by fraud." *In re Faruque*, Case No. 07-13375-SSM, 2009 WL 2211210 at *4 (Bankr. E.D. Va., July 20, 2009).

113.    Section 727(a)(2) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she, "with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has . . . concealed . . . (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition." 11 U.S.C. § 727(a)(2).

114.    The Debtors fraudulently under-reported their Cash on Hand and Money Deposits.

115.    The Debtors' Original Schedules, First Amended Schedules, and Third Amended Schedules state that the Debtors had no cash on hand when they filed their Petition and that they had $500.00 in a Bank of America checking account and $1,000.00 in a PNC Bank checking account on the Petition Date of January 22, 2020.

116.    In contrast, the Debtors' bank records show a balance of $12,674.65 as follows:

| Account | Balance | Notes |
|---|---|---|
| PNC Bank Spend (Mrs. Jean) (acct. xx-xxxx-0061) | $6,928.69 | Balance as of 1/21/20 – there was a $32.00 debit and $3,000.00 withdrawal on 1/22/20 |
| PNC Bank Growth (Mrs. Jean) (acct. xx-xxxx-0096) | $1,019.30 | Balance as of 1/1/20, no transactions until interest posted on 1/31/20 |
| Bank of America (Mr. Jean)(acct. xxxx-xxxx-3087) | $4,726.66 | Balance as of 1/2320– total includes $404.10 in debits posted on 1/22/20, no transactions posted on 1/23/20 |
| **TOTAL** | **$12,674.65** | |

117.     In addition, Mrs. Jean's PNC Bank Spend account shows a $3,000.00 withdrawal on the Petition Date.  It is undetermined whether the withdrawal occurred before or after the bankruptcy petition was filed.  To the extent that the withdrawal occurred pre-filing, then the funds should have been accounted for as "cash on hand," unless, the funds were immediately dissipated.

118.     Upon information and belief, the Debtors under-reported their aggregate money deposits and cash on hand by $11,174.65.

119.     The Debtors, with the intent to hinder, delay and defraud their creditors, concealed the true nature of their Money Deposits and Cash on Hand as of the Petition Date.

120.     The actions taken by the Debtors to under-report these amounts constitute a concealment of "property of the debtor, within one year before the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

121.     To the extent the Debtors continued to conceal these amounts during the pendency of the case, the Debtors concealed "property of the estate, after the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

**COUNT VII**
**Revocation of Discharge - 11 U.S.C. §§ 727(d)(1); 727(a)(2)**
**Concealment of Assets with Intent to Hinder, Delay or Defraud Creditors**
**(Bank of America Account xxxx4974)**

122.     The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

123.     For purposes of Section 727(d)(1), "proof of conduct by a debtor in violation of Section 727(a)(2) . . . of the Bankruptcy Code is sufficient to establish that the discharge was obtained by fraud."  *In re Faruque*, Case No. 07-13375-SSM, 2009 WL 2211210 at *4 (Bankr. E.D. Va., July 20, 2009).

124.     Section 727(a)(2) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she, "with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has . . . concealed . . . (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition."  11 U.S.C. § 727(a)(2).

125.     The Debtors fraudulently concealed the Bank of America account xxxx4974.

126.     On the SOFA and Amended SOFA, the Debtors disclose Mr. Jean's interest in International Construction Consultants LLC.

127.     According to the SDAT records, International Construction Consultants LLC was formed on September 9, 2012.

128.     Mr. Jean is listed as the resident agent for International Construction Consultants LLC.

129.     International Construction Consultants LLC's charter was administratively forfeited by the SDAT on October 1, 2015 for its failure to file a property tax return for 2014.

130.     Notwithstanding the corporate forfeiture in 2015, upon information and belief there is an active account at Bank of America titled in the name of International Constructions Consultant LLC (account no. xxxx4974).

131.     Upon information and belief, Mr. Jean used the Bank of America xxx4974 account for both personal and business purposes.

132.     This account is not disclosed on either the Debtors' Schedules (Schedule A/B at No. 17 (Deposits of Money)) or their SOFA (No. 23 (Property You Hold or Control for Someone Else)).

133.    The Debtors, with the intent to hinder, delay and defraud their creditors, failed to disclose the Bank of America xxx4974 account.

134.    The actions taken by the Debtors to not disclose the Bank of America xxx4974 account constitute a concealment of "property of the debtor, within one year before the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

135.    To the extent the Debtors continue to conceal the Bank of America xxx4974 account during the pendency of the case, the Debtors concealed "property of the estate, after the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

## COUNT VIII
### Revocation of Discharge - 11 U.S.C. §§ 727(d)(1); 727(a)(2)
### <u>Concealment of Assets with Intent to Hinder, Delay or Defraud Creditors</u>
### (2019 Federal Income Tax Refund)

136.    The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

137.    For purposes of Section 727(d)(1), "proof of conduct by a debtor in violation of Section 727(a)(2) . . . of the Bankruptcy Code is sufficient to establish that the discharge was obtained by fraud." *In re Faruque*, Case No. 07-13375-SSM, 2009 WL 2211210 at *4 (Bankr. E.D. Va., July 20, 2009).

138.    Section 727(a)(2) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she, "with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has . . . concealed . . . (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition."  11 U.S.C. § 727(a)(2).

139.    The Debtors fraudulently concealed their 2019 federal income tax refund.

140.    The Debtors signed their 2019 federal income tax return on February 5, 2021, which reflects a refund of $4,892.00.

141.    The Third Amended Schedules, filed two days later on February 7, 2021, do not disclose the 2019 tax refund.

142.    No tax refund is disclosed in the Debtors' Original Schedules, First Amended Schedules, or Third Amended Schedules.

143.    According to the Debtors' Original Schedules, First Amended Schedules, and Third Amended Schedules, the IRS is owed $4,332.00 for unpaid taxes on their 2018 federal income tax return.  Although the 2019 tax refund will likely be applied to the 2018 balance, there remains a net refund of $560.00.

144.    The Debtors, with the intent to hinder, delay and defraud their creditors, failed to disclose the 2019 federal income tax refund.

145.    The actions taken by the Debtors to not disclose the 2019 federal income tax refund constitute a concealment of "property of the debtor, within one year before the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

146.    To the extent the Debtors continue to conceal the 2019 federal income tax refund during the pendency of the case, the Debtors concealed "property of the estate, after the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

**COUNT IX**
**Revocation of Discharge - 11 U.S.C. §§ 727(d)(1); 727(a)(2)**
**Concealment of Assets with Intent to Hinder, Delay or Defraud Creditors**
**(Unexpired Leases)**

147.    The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

148.    For purposes of Section 727(d)(1), "proof of conduct by a debtor in violation of Section 727(a)(2) . . . of the Bankruptcy Code is sufficient to establish that the discharge was obtained by fraud."  *In re Faruque*, Case No. 07-13375-SSM, 2009 WL 2211210 at *4 (Bankr. E.D. Va., July 20, 2009).

149.    Section 727(a)(2) of the Bankruptcy Code provides that a debtor is not entitled to a discharge if he or she, "with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has . . . concealed . . . (A) property of the debtor, within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition."  11 U.S.C. § 727(a)(2).

150.    The Debtors failed to disclose Mr. Jean's interest in an Office Lease Agreement dated October 20, 2017 with PS Business Parks, L.P. and Sublease Agreement with American Financial Network, Inc., dated September 11, 2018.

151.    Upon information and belief, Mr. Jean is a party to, and the named tenant under, an Office Lease Agreement dated October 20, 2017, with PS Business Parks, L.P. for the premises at 9200 Corporate Blvd. Suite 320, Rockville, Maryland 20850. The original lease agreement was for a four-year term ending on October 31, 2021.  The Office Lease Agreement has been amended three times since its inception and its current term expires on December 31, 2023.

152.    Upon information and belief, Mr. Jean also is an individual party to a Sublease Agreement with American Financial Network, Inc. dated September 11, 2018, for the same

premises at 9200 Corporate Blvd. Suite 320, Rockville, Maryland 20850. The term of the Sublease Agreement expires October 31, 2021. The sublease arrangement was approved by PS Business Parks, L.P. in a Consent to Sublease dated September 25, 2018.

153.    Neither the Office Lease Agreement nor the Sublease Agreement were disclosed on Schedule G of the Debtors' Original Schedules, First Amended Schedules, or Third Amended Schedules.

154.    The Debtors, with the intent to hinder, delay and defraud their creditors, concealed Mr. Jean's interest in the Office Lease Agreement and Sublease Agreement.

155.    The actions taken by the Debtors to not disclose the Office Lease Agreement and Sublease Agreement constitute a concealment of "property of the debtor, within one year before the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

156.    To the extent the Debtors continue to conceal Office Lease Agreement and Sublease Agreement during the pendency of the case, the Debtors concealed "property of the estate, after the date of the filing of the petition," with the "intent to hinder, delay, or defraud a creditor."

**COUNT X**
**Revocation of Discharge - 11 U.S.C. §§ 727(d)(1); 727(a)(4)**
**False Oath or Account in Connection with the Case**

157.    The United States Trustee incorporates by reference into this Count, all the preceding paragraphs of this Complaint.

158.    For purposes of Section 727(d)(1), "proof of conduct by a debtor in violation of Section 727(a)(2) and (4) of the Bankruptcy Code is sufficient to establish that the discharge was obtained by fraud." *In re Faruque*, Case No. 07-13375-SSM, 2009 WL 2211210 at *4 (Bankr. E.D. Va., July 20, 2009).

159.    Section 727(a)(4) of the Bankruptcy Code, in turn, provides that a debtor is not entitled to a discharge if he or she "knowingly and fraudulently, in connection with the case . . . made a false oath or account."

160.    The Debtors made a false oath in connection with the case by failing to disclose Mr. Jean's membership interest in 4112 Landgreen St, LLC.

161.    The Debtors made a false oath in connection with the case by failing to disclose the Acorns investment account.

162.    The Debtors made a false oath in connection with the case by failing to disclose Mr. Jean's membership interest in 4511 Dix St, LLC.

163.    The Debtors made a false oath in connection with the case by failing to disclose Mr. Jean's membership interest in 5900 Croom Station LLC.

164.    The Debtors made a false oath in connection with the case by failing to disclose the Surrogacy Agreement and the proceeds thereof.

165.    The Debtors made a false oath in connection with the case by failing to accurately disclose the amounts of cash on hand and money deposits.

166.    The Debtors made a false oath in connection with the case by failing to disclose the 2019 federal income tax refund.

167.    The Debtors made a false oath in connection with the case by failing to disclose the Office Lease Agreement and Sublease Agreement in the Schedules.

168.    Question 16 on the Amended SOFA discloses that within 1 year before they filed for bankruptcy protection the Debtors paid Kurland Law Group $3,375.00 in connection with their bankruptcy case.  The Debtors' bank statements disclose that the following payments to Kurland Law Group:

| Account | Date | Amount Paid |
|---|---|---|
| PNC Bank Spend (xxxx0061) | December 18, 2019 | $400.00 |
| Bank of America (xxxx3087) | January 15, 2020 | $1,300.00 |
| Bank of America (xxxx3087) | February 4, 2020 | $1,000.00 |
| PNC Bank Spend (xxxx0061) | February 19, 2020 | $1,075.00 |

169.   The two February payments (totaling $2,075.00) occurred after the Petition Date and therefore, the Debtors made a false other in connection with the case by improperly disclosing that the payments occurred within 1 year prior to filing.

## PRAYER FOR RELIEF

WHEREFORE, the United States Trustee respectfully requests that the Court enter judgment in his favor, and against the Debtors, Kempes Jean and Lori Lee Jean, and that the Court revoke the discharge of Debtors, Kempes Jean and Lori Lee Jean.

Respectfully submitted,

Date: May 10, 2021

**JOHN P. FITZGERALD, III**
Acting United States Trustee for Region 4

By Counsel:

*/s/ Lisa Yonka Stevens*
Lisa Yonka Stevens, Bar No. 27728
Trial Attorney
Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD  20770
(301) 344-6216
Fax: (301) 344-8431
E-mail: Lisa.Y.Stevens@usdoj.gov